UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NUMBER: 15-061

LISA CRINEL, ET AL.                               SECTION: "E"(5)


**ORDER AND REASONS**

Before the Court is the Motion to Compel the Government to Respond to Discovery Related to Defendants' Equal Protection Claim, filed by Defendants, Lisa Crinel ("Crinel") and PCAH, Inc. ("Abide") (collectively "Defendants"). (Rec. doc. 33). Defendants filed a supplemental memorandum in support of that motion (rec. doc. 39) and the government has filed an opposition memorandum. (Rec. doc. 75). On April 8, 2015, the Court heard oral argument on the motion. (Rec. doc. 165). Having considered the pleadings and the evidence and law cited therein, as well as the parties' arguments at the hearing, the Court finds that the motion should be denied.

**BACKGROUND**

On March 25, 2014, various financial accounts in the names of Crinel, Abide and Wilneisha Jakes ("Jakes") were seized by the government pursuant to seizure warrants following a finding of probable cause that the assets were traceable to a specified unlawful activity, namely, health care fraud. On that same date, several search warrants were served on four locations, including that of Abide.

On March 12, 2015, Crinel, Abide and Jakes, along with 18 other individuals, were indicted by a grand jury on numerous counts alleging health care fraud and conspiracies to commit health care fraud and to pay and receive illegal remunerations.  The forfeiture of the assets seized on March 25, 2014, along with additional assets and real estate, were included in the forfeiture section of the indictment.  (Rec. doc. 1).

On March 13, 2015, Crinel and Abide filed a motion to suppress evidence on the grounds that the search and seizure of her assets violated the equal protection clause, and requested the return of property and assets seized.  (Rec. doc. 26-1).  Three days later, counsel for Crinel and Abide sent the government a four-page letter requesting certain discovery, including discovery related to Crinel's equal protection claim, including a request for discovery connected to the matter of *United States v. Morad*, No. 13-CR-101 (E.D. La.) ("Morad").  (Rec. doc. 33-2 at 1-4).  Germane to the present motion, Crinel requested the following:

> (2) With respect to our pending claim for equal protection violations in this matter, we also ask for disclosure of the following information:
>
> (1) A list of all Medicare fraud cases in the last 10 years where the U.S. attorney's office for the Eastern District of Louisiana has seized personal financial assets of a white American citizen prior to that citizen being indicted and a description of the assets seized;
>
> (2) A list of all Medicare fraud cases in the last 10 years, where the U.S. attorney's office for the Eastern District of Louisiana has seized personal financial assets of a black American citizen prior to that citizen being indicted and a description of the assets seized;
>
> (3) A list of all Medicare fraud cases in the last 10 years, where the U.S. attorney's office for the Eastern District of Louisiana has seized personal financial assets of an

> American citizen of foreign descent and a description
> of the assets seized. . . .

(*Id.*).[1]

The government responded to Crinel's discovery request by letter dated March 18, 2015, addressing the various items requested and agreeing to provide much of the material requested, save that regarding Crinel's equal protection claim quoted above.  (*Id.* at 8-14). Specifically, with respect to Crinel's request for 10 years of statistical information regarding pre-indictment asset seizures in health care related cases in the Eastern District of Louisiana, the Government stated:

> You listed seven items "with respect to [your] pending claims for
> equal protection violations."  You have the burden of providing a
> colorable basis for believing that others similarly situated have
> not been prosecuted in order to obtain the requested discovery.
> As you have been informed on at least two different occasions,
> your law partner, Walter Becker, represented a non-African
> American individual in a health care prosecution, Artem
> Gasparyan, who, on the day search warrants were executed, had
> his bank account seized and he and his wife's residence included
> as a forfeiture.  In fact, on April 29, 2011, multiple bank accounts
> from five individuals and three companies owned by those
> individuals were seized. All of these individuals, "similarly
> situated" to your client, were not African American.

(*Id.*).

The next day, March 19, 2015, Crinel and Abide filed the instant motion to compel, seeking the disputed statistical information to support their then-pending motion to suppress.  (Rec. doc. 33).  The motion to compel argues that Crinel and Abide have made out a colorable claim for an equal protection violation sufficient to justify their discovery requests in that:  (1) they had demonstrated that a single "non-minority defendant" in the above-referenced *Morad* matter had not been subjected to pre-indictment seizure, while

---

[1] Crinel's counsel also requested a variety of other discovery, not pertinent to this motion .

3

Crinel, an African-American female, had had her assets seized pre-indictment and (2) the defendant referenced in the government's response who had had his assets seized pre-indictment (Artem Gasparyan) was "a minority (an Armenian whom the Court noted had questionable immigration status)" such that his asset seizure, along with that of Crinel's, demonstrate "a disturbing trend in this federal district of invoking civil seizure authority against minorities in Medicare fraud cases while giving non-minorities a pass."  (*Id.* at 2). Crinel and Abide later supplemented their motion to call to the Court's attention the pre-indictment seizure of assets of another female African-American Medicare fraud defendant, Cheryln Armstrong, arguing that the comparative treatment of Armstrong, Crinel, Gasparyan and Morad established a colorable showing of selective invocation of civil seizure authority against "minorities."  (Rec. doc. 39, citing *U.S. v. Armstrong, et al.*, No. 05-CR-130 (E.D. La.)).

The government responded, in part, by pointing out that Crinel and Abide had essentially cherry-picked individual defendants from the aforementioned cases to suit their needs in attempting to convince the Court that they had made a colorable showing of an equal protection violation when, in reality, closer analysis of the government's seizure decisions in those cases demonstrates an even-handed, non-discriminatory, non-selective approach to invoking pre-indictment seizure authority.  (Rec. doc. 75).  For instance, the government pointed out that, in *Morad*, none of the defendants, including three African Americans, had their assets seized.  (*Id.*).  Likewise, the government argued that in *U.S. v. Aram Khglation, et al.*, (the case involving the aforementioned Mr. Gasparyan), two white American physicians were among the defendants who had their assets seized.  (*Id.*).

In addition to the foregoing argument, the government also points out that the information sought by Crinel and Abide does not exist in any form approximating what was requested, as the government does not maintain statistics of the sort requested by Defendants in their motion (where seizure asset "statistics" are sorted by race, gender, etc.).

The briefing on this motion makes clear that the parties disagree about the level of proof required for Crinel to make out a *prima facie*, colorable claim for selective prosecution sufficient to satisfy the requirements of Rule 16 of the Federal Rules of Criminal Procedure and the cases interpreting that Rule in the context of a claim such as this.  The parties' arguments at the hearing on the motion made that fact even clearer.

**THE HEARING**

The Court began the hearing on this motion by pointing out to Crinel's counsel an anomaly in her briefing, namely, that despite properly observing that Rule 16 of the Federal Rules of Criminal Procedure is the operative Rule here, Crinel cites no cases construing or applying it in this context (or any other).  Rather, the only two cases cited in her original brief are civil cases that have nothing to do with the application of that Rule.  Those cases, *Kelly v. City of Oak Park*, No. 13-CV-10634, 2014 WL 4829601 (E.D. Mich. Sept. 29, 2014) and *Utt v. Brown, et al.*, No. 12-CT-3132, 2015 WL 470468 (E.D. N.C. Feb. 4, 2015), concerned discovery disputes in <u>civil</u> matters that were decided under Rule 26 of the Federal Rules of Civil Procedure.  It is beyond dispute that Rule 16 (F.R.Cr.P.) and Rule 26 (F.R.C.P) establish vastly different limits upon discovery.  For that reason, the Court noted that these cases are inapposite here and Crinel's suggestion in brief that they "reveal[] that

federal district courts routinely compel parties to produce"[2] evidence similar to what is sought through the current motion was simply wrong.

This observation led counsel to launch into a discussion of a series of heretofore un-cited cases that naturally caught the Court (and, no doubt, the government's counsel) unawares.[3]  These cases, it was promised, all stand for the proposition that in cases <u>such as this one</u> – where a criminal defendant seeks discovery regarding a selective prosecution claim – a defendant need only come forward with one comparator or similarly situated defendant to make out a *prima facie* case sufficient to obtain that discovery.  Alas, review of those newly cited cases reveals that they are no more helpful here than the two cases cited in Crinel's original brief.

## LAW AND ANALYSIS

Rule 16 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, <u>and which are material to the preparation of the defendant's defense</u> or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.
>
> Fed. Rule Crim. Proc. 16(a)(1)(C)(emphasis added).

---

[2]  (Rec. doc. 33-1 at 6).

[3]  The Court assumes the timing was unintentional.  In the future, however, the Court strongly suggests that if cases are worthy of citation and discussion at the outset of an oral argument, they are worthy of citation in brief in advance of that argument.  The Court and opposing counsel are entitled to such a simple accommodation.

The threshold question here, then, is whether the material requested in Crinel's motion is "material to the presentation of [her] defense."

At this point it is important to note that the government suggests that "although couched as an equal protection claim, Crinel is really asserting something akin to a selective prosecution claim, as she contends her assets were seized by the government based upon her race and gender." (Rec. doc. 75 at 7, n. 5).[4] Accordingly, it asserts that this discovery motion should be analyzed under the line of cases concerning Rule 16 discovery in selective prosecution claims. The Court agrees.

The Supreme Court has spoken plainly on the pertinent question raised by the present motion:

> A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one. These cases afford a "background presumption" that the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims.
>
> *U.S. v. Armstrong*, 517 U.S. 456, 463-64, 116 S.Ct. 1480, 1486 (1996) (citing *United States v. Mezzanatto*, 513 U.S. 196, 203, 115 S.Ct. 797, 803 (1995).

Because a selective-prosecution claim "asks a court to exercise judicial power over a 'special province' of the Executive. . . '[t]he presumption of regularity supports' [] prosecutorial decisions and, 'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" *Id.* at 464, 116 S.Ct. at

---

[4] Crinel does not refute this argument.

1486. "To overcome this presumption, a defendant must prove <u>both</u> discriminatory effect and discriminatory purpose by presenting 'clear evidence.'" *In re U.S.*, 397 F.3d 274, 284 (5th Cir.), *cert. denied*, 544 U.S. 911, 125 S.Ct. 1611 (2005)(quoting *Armstrong, supra* at 465, 116 S.Ct. at 1486)(emphasis added).

With all this in mind, the Court observes that at the hearing on this motion, Crinel's counsel suggested that "there is no disagreement today about the standard that I have to meet in order to obtain discovery. It's admitted in the government's brief." (Tr. at 3). As it turns out, there is substantial disagreement as to the proper standard to be met to obtain that discovery. This is crucially important here – the outcome of this motion turns on that standard and its application to what is now before the District Judge on the motion to suppress.

As noted earlier, the two cases actually cited in Crinel's briefs are inapposite here. Turning, then, to the cases referenced by Crinel's counsel at the hearing, each of those cases are "class of one" equal-protection claims brought by plaintiffs in civil actions. The United States Supreme Court has described the *prima facie* "class of one" case as follows: "[o]ur cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75 (2000)(citing *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 43 S.Ct. 190 (1923)).

Indeed, in citing all these cases at the hearing, counsel posited that the following standard synthesized from <u>those</u> cases should apply in <u>this</u> case:

> So the government has incorrectly stated a standard in their
> brief. One example is enough. One example of discrimination

> without rational basis is enough, period.  And we have met that
> standard here, Judge, with the *Morad* case.

(Tr. at 5).

If this were a civil matter brought by a "class of one" plaintiff alleging an equal protection violation, the standard for establishing a *prima facie* case would be as Crinel's counsel suggested at the hearing.  But this is not such a case.

This is a criminal matter, which means the availability of discovery is governed by Rule 16 (which, incidentally, is not cited in any of the cases relied upon by Crinel).  More specifically, the matter now before the Court is a discovery motion related to an equal protection claim that is clearly a type of selective prosecution claim.  There is a specific and well-developed body of law that speaks to just this sort of discovery effort; the Court need not cast about for analogs in the civil arena when there is on-point case law from the Supreme Court and Fifth Circuit that is dispositive in these circumstances.

"A court's consideration of an Equal Protection-based claim of selective prosecution necessarily begins with a presumption of good faith and constitutional compliance by the prosecutors.  *In re U.S.*, 397 F.3d at 284 (citing *Armstrong*, 517 U.S. at 465–66, 116 S.Ct. at 1486–87).

> To overcome this presumption, a defendant must prove both discriminatory effect and discriminatory purpose by presenting "clear evidence."  Before a criminal defendant is entitled to any discovery on a claim of selective prosecution, he must make out a *prima facie* case.  The *prima facie* case of selective prosecution requires the criminal defendant to bring forward some evidence that similarly situated individuals of a different race could have been prosecuted, but were not.  <u>More specifically, a defendant must first present evidence of both discriminatory effect and discriminatory intent</u>.

9

*Id.* (quoting *Armstrong*, 517 U.S.
at 465, 116 S.Ct. at 1486).

To prevail on their motion, then, Crinel and Abide must adduce "clear evidence" of both discriminatory effect and intent.  This is a standard wholly different than the "class of one" standard that Defendants' counsel suggests applies here and it is a standard that Defendants have failed to satisfy.

Defendants' counsel argued strenuously at the hearing that his clients had made out a *prima facie* case sufficient to obtain the requested discovery, but counsel was advocating for application of the wrong standard:  "Every equal protection case I read is looking for this type of evidence – every single one. It says give me a name; give me a name.  I've given you a name."  (Tr. at 11).  The problem is that every equal protection case that counsel cited to this Court was a "class of one" civil case.  The standard applied in those cases and the proper standard to be applied in this one are not fungible.

Defendants have done no more here than point to one or two "comparators" who they say were similarly situated yet treated differently than Crinel because she is a member of a protected class and the comparators are not.  They provide no evidence whatsoever to establish that these individuals are, in fact, similarly situated, nor do they point to any evidence at all, much less "clear evidence," to make any showing of discriminatory intent.  When the government pointed out in its brief that Defendants were cherry-picking comparators from the various indictments they cited in their motion,[5] Defendants responded with nothing, other than to argue at the hearing that the government was wrong

---

[5] Specifically, the government pointed out that while Morad did not have his assets seized, neither did three African American co-defendants of Morad's in that case.  Similarly, the government pointed out that, while Gasparyan (a "minority" defendant) had his assets seized, so did two white American doctors in that case. (Rec. doc. 75 at 2-6).

and to suggest it didn't matter anyway because all Defendants had to do to establish entitlement to the subject discovery was to "give [the court] a name" of a "comparator." (Tr. at 4, 11).  This is simply insufficient under *Armstrong* and its progeny to obtain the requested discovery.

## CONCLUSION

For the foregoing reasons, the Motion to Compel the Government to Respond to Discovery Related to Defendants' Equal Protection Claim, filed by Defendants, Lisa Crinel ("Crinel") and PCAH, Inc. is DENIED.

New Orleans, Louisiana, this _12th_ day of _____ April _____ , 2015

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE