UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 15-61 |
| LISA CRINEL, ET AL. | SECTION "E" (5) |

## ORDER AND REASONS

Before the Court is the Government's Motion *in Limine* to Preclude Introduction of "Good Acts" of the Defendants.[1] The Government seeks a ruling *in limine* excluding specific acts, personally or professionally performed by the Defendants, that are "arguably probative of 'good character.'"[2] Defendant Dr. Shelton Barnes has filed an opposition.[3] Defendant Dr. Henry Evans filed an opposition joining in the substance of the arguments made on behalf of Dr. Barnes.[4] Defendants Dr. Michael Jones, Paula Jones, Dr. Gregory Molden and Jonanthon Nora have not opposed the Government's motion. For the reasons that follow, the Government's motion is **GRANTED**.

## LAW AND ANALYSIS

Rules 401 through 405 of the Federal Rules of Evidence govern the admissibility of character evidence. Rule 401 establishes the test for determining whether or not evidence is relevant.[5] Under Rule 401, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[6] Under Rule 402, "Irrelevant evidence is

---

[1] R. Doc. 646.
[2] R. Doc. 646, at 1.
[3] R. Doc. 659.
[4] R. Doc. 687.
[5] FED. R. EVID. 401.
[6] *Id.*

1

not admissible."[7] Additionally, Rule 403 grants the Court the ability to exclude evidence that is otherwise relevant "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[8]

Rules 404 and 405 govern a defendant's ability to introduce character evidence. Rule 404(a)(1) sets forth the general prohibition against the use of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait."[9] However, Rule 404(a)(2)(A) outlines an exception for criminal cases. This exception states, "A defendant may offer evidence of a defendant's pertinent trait."[10] "In the criminal context, a pertinent trait is one that is relevant to the offense charged."[11] The Fifth Circuit has found that evidence proffered by a defendant to establish "his character as [a] law-abiding citizen . . . stands on a different footing. Such evidence is always relevant."[12]

Once it is determined evidence of character is admissible under Rule 404, the party seeking to introduce the evidence must then turn to Rule 405. Rule 405 establishes the methods by which a defendant may prove character.[13] Rule 405(a) explains evidence of a pertinent character trait "may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct."[14]

---

[7] *Id.* at 402.
[8] *Id.* at 403.
[9] *Id.* at 404(a)(1).
[10] *Id.* at (a)(2)(A).
[11] *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002) (citing *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981)).
[12] *Hewitt*, 634 F.2d at 279.
[13] FED. R. EVID. 405.
[14] *Id.* at (a).

Under Rule 405(b), "Specific instances of conduct are not permitted unless the pertinent character trait is an essential element of a charge, claim, or defense."[15] The types of crimes where 405(b) allows specific instances of conduct are generally referred to as "character in issue" crimes.[16] It is often stated "the cases which character is an ultimate issue are relatively few."[17]

The Government is correct in its assertion that the Defendants should be excluded from introducing into evidence specific instances of conduct introduced to demonstrate the Defendants' good character. In its memorandum accompanying its motion, the Government mentions examples of the types of evidence it believes should be excluded. These include evidence regarding the admission of worthy patients into home health care, evidence of Defendants' certification of home care services at other businesses, evidence of specific instances of uncharged proper Medicare billing, and evidence of community service or other good works such as charitable donations, the provision of free or low-cost medical services, the payment of tithes to religious organizations, charity work, admirable family life, or other evidence of their standing in the community.[18]

Dr. Barnes maintains the Government's motion is an attempt "to predict defense trial strategy."[19] Instead of excluding evidence prior to trial, Dr. Barnes requests that the Court delay its decision until trial when the Court can determine the context of the evidence make rulings on admissibility at that time.[20] Dr. Barnes contends, "[J]ust where

---

[15] *United States v. Hudson*, 2011 WL 5331701, at *1 (E.D. La. Nov. 7, 2011) (explaining FED. R. EVID. 405(b)).
[16] *See* FED. R. EVID. 405(a) advisory committee's note to the 1972 proposed rules; § 5267 Specific Instances of Conduct – Character in Issue, 22B Fed. Prac. & Proc. Evid. § 5267 (1st ed.).
[17] § 5267 Specific Instances of Conduct – Character in Issue, 22B Fed. Prac. & Proc. Evid. § 5267 (1st ed.).
[18] *See* R. Doc. 646-1, at 4, 7.
[19] R. Doc. 659, at 1.
[20] *Id.* at 1-2.

the balance should lie between irrelevant good conduct, and good conduct that is part of the case, can only be determined at trial."[21]

Defendants have been charged with conspiracy to commit health care fraud, conspiracy to pay and receive illegal health care kickbacks, and substantive acts of health care fraud.[22] Additionally, Defendant Barnes has been charged with one count of obstruction of a federal audit.[23] None of the crimes charged against the Defendants is a crime in which the Defendants' character is an element. The Fifth Circuit interprets "essential element" in the "strict sense."[24] For example, in *Gulley*, the Fifth Circuit excluded specific evidence of a victim's violent history after finding "a self-defense claim may be proven regardless of whether the victim has a violent or passive character."[25] Additionally, the Fifth Circuit has explicitly stated, "Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."[26]

The Fifth Circuit has also already determined that evidence of previous good acts, specifically evidence of proper billing, is irrelevant when a defendant is charged with insurance fraud.[27] In *Marrero*, the defendant "sought to prove that her good character was inconsistent with the necessary criminal intent by introducing evidence of specific acts of good character."[28] Marrero argued "the evidence she proffered was essential to her defense of lack of motive or intent." The court found "Marrero's character in this case was simply not an essential element of the charges against her."[29] The court concluded,

---

[21] *Id.* at 2.
[22] R. Doc. 670.
[23] *Id.*
[24] *United States v. Gulley*, 526 F.3d 809, 819 (5th Cir. 2008).
[25] *Id.*
[26] *United States v. Ylda*, 643 F.2d 348, 352 (5th Cir. 1981) (citing *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978)).
[27] *United States v. Marrero*, 904 F.2d 251, 259 (5th Cir. 1990).
[28] *Id.*
[29] *Id.*

"Marrero sought at trial to use specific acts circumstantially to prove lack of intent. Such a tactic is not only disfavored, it is not permitted under Rule 405(b)."[30] The court then added, "The evidence of specific acts of good character which Marrero sought to admit into evidence was irrelevant to the charges contained in the indictment."[31] The Fifth Circuit explained further that, "The fact that Marrero did not overcharge in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, overcharged as alleged in this indictment."[32] Other cases in this district have also found "a defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."[33]

Case law from this district also makes clear that specific references to "other good acts" must be excluded in the circumstance where a defendant is not charged with a crime where character is at issue. In *United States v. Nagin*, the defendant attempted to argue "that the issue of the defendant's good deeds 'is at the very core of the government's charges."[34] However, the court disagreed, and stated, "Instead, it is alleged criminal conduct that underlies the charges, which include charges pertaining to a scheme or artifice to defraud another of honest service through a bribery and kickback scheme."

In *United States v. Hudson*, the defendant was precluded from introducing specific evidence of his military history.[35] The defendant argued his military history should be introduced because it was an essential element of his defense.[36] However, the court found

---

[30] *Id.*
[31] *Id.* (citing *Ylda*, 643 F.2d at 352; *Grimm*, 568 F.2d at 1138).
[32] *Marrero*, 904 F.2d at 260.
[33] *United States v. Cleveland*, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) (quoting *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990)).
[34] *United States v. Nagin*, 2013 WL 5532516, at *1 (E.D. La. Oct. 4, 2013).
[35] *Hudson*, 2011 WL 5331701.
[36] *Id.* at *1.

5

that none of the crimes charged related to the defendant's character, and that none the defendant's proposed defenses actually addressed key elements of these crimes.[37] However, the court added that the charges brought against the Defendant "require the Government to prove that the defendant acted with the intent to defraud. Certainly, the defendant's truthfulness and veracity are relevant to the charges."[38] The defendant argued "the introduction of his military record . . . will establish he was a heroic and honorable man."[39] The court stated, "The relevance of honor to the charges is not so evident."[40] However, the court found, "To the extent that being honorable can be analogized to being law-abiding, it may be relevant."[41] Ultimately the court stated, "Even if it is relevant, honor is not an essential element to any claim or defense in this case. Accordingly, the proper way for the defendant to introduce his honorableness is through reputation and opinion testimony."[42]

In *United States v. Warren*, the court excluded one of the defendants from introducing photographs depicting the defendant in rescue operations that he conducted in the wake of Hurricane Katrina.[43] The court found, "The photos are inadmissible because they depict specific instances of conduct and none of the photos can reasonably be construed to depict a character trait that is an essential element of any charges against [the defendant] or a defense to such charges."[44] Additionally, another defendant was excluded from introducing commendations given to the defendant. While the court found

---

[37] *See id.* at *2.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.* (referencing *Hewitt*, 634 F.2d at 279).
[42] *Id.* (referencing *Hill*, 40 F.3d at 169).
[43] *United States v. Warren*, 2010 WL 4668345 (E.D. La. Nov. 4. 2010).
[44] *Id.* at *3.

6

none of the commendations "detailed specific instances of conduct" and that the commendations could "reasonably be construed to be probative of [the defendant's] character for truthfulness or veracity," the court ultimately excluded the evidence pursuant to Rule 403, finding "that the probative value of such evidence would be substantially outweighed by the danger of confusion of the issues, misleading the jury, considerations of undue, delay, and a waste of time."[45]

Finally, in *United States v. Brown*, in a case in which the defendant was also charged with health care fraud allegedly involving illegal kickbacks, the defendant was precluded from introducing "evidence that she engaged in tithing."[46] The court found evidence of tithing was irrelevant and added, "Evidence concerning the purpose of expenditures made for charitable purposes can serve no purpose other than to demonstrate her 'good acts' and as such is inadmissible.[47]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Government's motion *in limine* to preclude introduction of 'good acts' of the Defendants is **GRANTED**[48]

As there are no elements in the charges brought against the Defendants that require the Government to prove a defendant's character or character trait, Rule 405(b) of the Federal Rules of Evidence clearly explains that specific instances of prior good

---

[45] *Id.* at *4-5.
[46] *Brown*, Crim. Action No. 13-0243 (Duval, J.), Brown Rec. Doc. 95, at 3 (citing *United States v. Melton*, 2008 WL 4829893 (S.D. Miss. Nov. 8, 2008)).
[47] *Id.*
[48] R. Doc. 646.

deeds may not be introduced.[49] Defendants are precluded from introducing evidence of specific instances of personally or professionally performed "good acts."

**New Orleans, Louisiana, this 26th day of September, 2016.**

                                                  **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[49] FED. R. EVID. 405(b).  The Court notes that a defendant's "character as [a] law-abiding citizen," in the form of testimony about the defendant's reputation or by testimony in the form of opinion, is always permissible. *Hewitt*, 634 F.2d at 279.