# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-61** |
| **LISA CRINEL, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is the Government's Motion to Compel Defendants to Produce Reciprocal Discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.[1] Defendant Dr. Shelton Barnes has filed an opposition.[2] Defendant Dr. Michael Jones has adopted Dr. Barnes' opposition[3] and further responded to the Government's discovery request by producing a one-page document, pursuant to a grand jury subpoena,[4] and by stating in his opposition that the remainder of his reciprocal discovery is contained in responses to Grand Jury subpoenas. Defendant Dr. Henry Evans filed an opposition joining in the substance of the arguments made on behalf of Dr. Barnes and Dr. Jones.[5] Additionally, the Government represents that Defendant Evans has not produced any reciprocal discovery to date, despite agreeing to do so.[6] Defendants Paula Jones, Jonathon Nora, and Dr. Gregory Molden have filed no opposition to the motion to compel. The Government represents these three defendants have otherwise conceded their obligation to produce reciprocal discovery, but have not provided any reciprocal

---

[1] R. Doc. 649. The Government also requests the Court set a deadline for the Defendants to disclose expert witnesses. In the interest of judicial economy, the Court grants this request and will set deadlines for the disclosure of experts and the filing of *Daubert* motions in a separate order.
[2] R. Doc. 658.
[3] R. Doc. 683, at 1.
[4] R. Doc. 697-2, at 2.
[5] R. Doc. 688.
[6] R. Doc. 649-1, at 6.

discovery to date.[7] For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## LAW AND ANALYSIS

Rule 16(b)(1) of the Federal Rules of Criminal Procedure imposes a reciprocal discovery requirement between the United States and a criminal defendant.[8] A defendant's obligation to provide reciprocal discovery is triggered whenever the government complies with the defendant's request for disclosure of documents and objects under Rule 16(a)(1)(E), reports under 16(a)(1)(F), or written summaries of any testimony by expert witnesses under 16(a)(1)(G).[9]

A defendant's request for discovery under Rule 16(a)(1) may be formal or informal.[10] However, a prerequisite to any obligation of a defendant to provide discovery under Rule 16(b)(1) is that the defendant had requested discovery and the government has complied.[11] "Unlike civil discovery, where some materials are automatically produced as a matter of right, in criminal discovery, the defendant must invoke the right to discovery."[12] After "a defendant makes a Rule 16 discovery request and the government complies, the government is entitle to seek reciprocal discovery from the defendant."[13] "It has been observed that the drafters of the Federal Rules did not provide for expansive

---

[7] R. Doc. 706, at 1.

[8] *See* Fed. R. Crim. P. 16(b)(1).

[9] *Id.*

[10] *See, e.g.*, *United States v. Thuna*, 103 F.R.D. 182 (1984); *United States v. Mentz*, 840 F.2d 315, 328 (6th Cir. 2003); *United States v. Swenson*, 298 F.R.D. 474, 477 (D. Idaho 2014) (the court found that the defendant's affirmative response to the Magistrate Judge's question as to whether discovery would be sought qualified as a Rule 16 discovery request. The court added "It is also significant that the Defendants have repeatedly complained that the Government has failed to timely and fully satisfy their disclosure obligations under Rule 16."). Additionally, a defendant's request for "all information described by Federal Rule of Criminal Procedure 16" may constitute a formal request under Rule 16. *See United States v. Impastato*, Crim. A. No. 05-325 (E.D. La. Apr. 16, 2007) (Moore, Mag.) (R. Doc. 66, at 2).

[11] *United States v. Marenghi*, 893 F. Supp. 85, 97 (D. Me. 1995).

[12] *United States v. Birrueta*, 2014 WL 11369624, at *6 (E.D. Wash. Mar. 21, 2014) (comparing Fed. R. Crim. P. 16(a)(1) with Fed. R. Civ. P. 26(a)).

[13] *Id.*

discovery by the Government due to 'constitutional limitations that are thought to restrict prosecutorial discovery.'"[14] "Indeed, several courts have held that only these rules can impose the duty of disclosure on defendants, regardless of the authority of the judge."[15]

"If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph" Rule 16(a)(1)(E) documents and objects.[16] "If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph" Rule 16(a)(1)(F) reports of examinations and tests.[17] If "the defendant requests disclosure under subdivision (a)(1)(G) and the government complies," the defendant must "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial."[18]

Although a defendant's reciprocal discovery obligation is not triggered until after the government complies with the initial request, "compliance in this context means *substantial* compliance, not *total* compliance that is completely faultless."[19]

Once the reciprocal discovery requirement is triggered, a defendant must produce discovery of 16(a)(1)(E) documents and objects or 16(a)(1)(F) reports of examinations and

---

[14] *United States v. Impastato*, 535 F. Supp. 2d. 732, 742-43 (E.D. La. 2008) (citing Charles Alan Wright, et al., Federal Practice & Procedure Criminal § 255 (3d ed. 2007)).

[15] *Id.* (citing *United States v. Dailey*, 155 F.R.D. 18, 21 (D.R.I. 1994); *United States v. Layton*, 90 F.R.D. 520, 523 (N.D. Cal. 1981)).

[16] FED. R. CRIM. P. 16(b)(1)(A).

[17] *Id. at* 16(b)(1)(B).

[18] *Id. at* 16(b)(1)(C). This rule also provides reciprocal discovery if "the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition." FED. R. CRIM. P. 16(b)(1)(C)(ii).

[19] *United States v. Burke,* 2015 WL 1931327, at *3 (N.D. Tex. Apr. 29, 2015) (emphasis in original) (citing *Swenson*, 298 F.R.D. at 475 (rejecting Defendants' contention, that their reciprocal discovery obligations had not yet been triggered due to the Government's continued pretrial disclosures of discovery materials, as contrary to the spirit and intent of the Rule.)).

tests if: "(i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial."[20] Regarding discovery of 16(a)(1)(G) expert witness summaries, the Defendant must provide a summary describing "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications," for any testimony the defendant intends to use as evidence at trial under the Rule.[21]

Defendants argue they have no obligation to affirmatively disclose documents already in the Government's possession. Dr. Barnes argues, ""[T]he defense does not have any documents to provide in reciprocal discovery, except for the documents provided by the government included in the 350,000 pages in the possession of the government."[22] According to Dr. Barnes, "The government confuses documents pertaining to reciprocal discovery, under Rule 16, on the one hand, and an exhibit list, on the other. With regards to the former, the government already has it all. It's part of the 350,000 pages."[23] Additionally, Dr. Barnes maintains he has exceeded his obligations by leaving "sticky notes on the documents . . . of interest to the defense."[24] Dr. Barnes alleges his reciprocal discovery obligations as of now are satisfied, but "if there are additional documents that defense will be using in its case-in-chief that the government has not seen, defense will provide those documents."[25]

As the case law makes clear, a defendant is required to produce all required materials, including those already in the government's possession. In *United States v.*

---

[20] FED. R. CRIM. P. 16(b)(1)(A); *Id. at* 16(b)(1)(B).
[21] *See id.* at 16(b)(1)(C).
[22] R. Doc. 658, at 1.
[23] *Id.* at 2.
[24] *Id.* at 1.
[25] *Id.* at 4.

*Hsia*, the court found, "Under the plain language of the Rule, defendant is required to turn over all such documents, regardless of their source or the means by which she came to possess them. The fact that the government is already in possession of the documents does not eliminate a defendant's duty to disclose them."[26] Courts have reasoned, "Although 16(b)(2) contains specific exemptions from Defendant's reciprocal-discovery obligations for work product and statements made by the defendant and potential witnesses, . . . the Rule does not exclude materials originally obtained from the government."[27] For example, in *United States v. Lin Lyn Trading, Ltd.*, the court ordered defendants to disclose the U.S. Customs rules, decisions and internal rulings that defendants intended to introduce or otherwise rely upon in their case-in-chief.[28] The Defendants are required to produce documents, objects, and reports of examinations and tests, as described Rule 16(b)(1)(A) and 16(b)(1)(B), if the item is within the Defendants' possession, custody, or control and the Defendant intends to use the item in his or her case-in-chief at trial.[29]

This raises the question whether the scope of a defendant's "case-in-chief" includes a defendant's cross-examination of a government witness. The Government maintains "case-in-chief" includes cross-examination of a government witness except with respect

---

[26] *United States v. Hsia* 2000 WL 195067, *1 (D.D.C. Jan. 21, 2000). *See also United States v. Anderson*, 416 F. Supp. 2d 110, 115 (D.D.C. 2006); *Swenson*, 298 F.R.D. at 478. There may be circumstances where the Court may not require a defendant to disclose materials initially produced by the Government. *See Holden*, 2015 WL 1514569, at *5 (The Court initially mentioned concern about "burdening Defendant with the additional task of identifying which of the government's voluminous discovery materials that Defendant intended to use in its case-in-chief at trial." The Court, however, then acknowledged that in the time since the first order was made, "trial has been continued. . . . . Accordingly, the exigency in Defendant's need to prepare for an imminent trial is not the pressing concern the Court was seeking to mitigate when the Court issued its February 10, 2015, Order.").

[27] *U.S. v. Holden*, 2015 WL 1514569, at *6 (D. Or. Mar 19, 2015).

[28] *United States v. Lin Lyn Trading, Ltd.*, 911 F. Supp. 494, 498 (D. Utah 1996).

[29] *See* FED. R. CRIM. P. 16(b)(1)(A); *id* at 16(b)(1)(B).

to impeachment.[30] In *Hsia*, the court found a defendant's "cross examination of government witnesses, and the evidence introducing during that cross-examination, certainly may be used to support her defense."[31] The court concluded, "The cross-examination of these and other government witnesses is properly seen as part of defendant's case-in-chief if it buttresses her theory of the case."[32] The court added, "Of course, if the defendant uses a document merely to impeach a government witness, and not as affirmative evidence in furtherance of her theory of the case, it is no part of her case-in-chief."[33] The Government cites the *Impastato* and *Haydel* cases from this district which adopt the reasoning expressed in *Hsia*, and its progeny. [34]

In his opposition, Dr. Jones argues "case-in-chief" does not include cross-examination.[35] Dr. Jones maintains Rule 16 "does not require the defense to provide a roadmap of its cross examination materials which are already in government possession."[36] In support of his position, Dr. Jones argues *Impastato* and *Haydel* are inapplicable to this case because neither case mentions cross-examination.[37] Dr. Jones maintains the issue before the court in *Impastato* was whether the court had authority to order the defendant to disclose expert witness information.[38] Dr. Jones also maintains "in *United States v. Haydel*, the court made no mention of cross examination."[39] Dr. Jones argues, instead, in *Haydel*, "the court ordered that defense's response that it was

---

[30] R. Doc. 649-1, at 2
[31] *Hsia*, 2000 WL 195067 at *2.
[32] *Id.*
[33] *Id.* at *2 n.1.
[34] *See* R. Doc. 649-1, at 4 (citing *Impastato*, 535 F. Supp. 2d 732; *United States v. Haydel*, No. 2:05-CR-242 (E.D. La. Mar. 24, 2006)).
[35] *See* R. Doc. 683.
[36] *Id.* at 2.
[37] *See id.* at 2-3.
[38] *Id.* at 2.
[39] *Id.* at 3.

'aware of its obligation to produce reciprocal discovery but had none at this time' was sufficient where the government had requested that 'defendant disclose any and all documents which he intends to use in his case-in-chief."[40]

Dr. Jones asserts that neither *Impastato* nor *Haydel* mentions cross-examination. In *Haydel*, the magistrate judge, in reference to *Hsia* and *Lin Lyn Trading*, explicitly states, "the court finds these cases persuasive in their definition of what constitutes the defendant's 'case-in-chief'."[41] In adopting the definition of "case-in-chief" used in *Hsia* and *Lin Lyn Trading*, the magistrate judge clearly determined that a defendant's cross-examination of government witnesses is included in the defendant's case-in-chief. In *Impastato*, the court specifically adopts the magistrate judge's earlier discovery ruling "that the Defendant must turn over evidence that he is planning to use as 'affirmative evidence in furtherance of [the] theory of the case' rather than impeachment evidence used to discredit a government witness."[42] In this earlier discovery ruling, the magistrate judge, citing *Haydel*, found "as in the present case, the definition of case-in-chief as used in *U.S. v. Hsia* was adopted by the Court."[43] While the *Impastato* court may not have explicitly used the term "cross-examination" it is clear that in ordering Defendants to provide discovery, it adopted the definition of "case-in-chief" as defined in *Hsia*.

---

[40] *Id.* at 3 (quoting *United States v. Haydel*, No. 2:05-CR-242 (E.D. La. Mar. 24, 2006) (R. Doc. 44)).

[41] *United States v. Haydel*, No. 2:05-CR-242 (E.D. La. Mar. 24, 2006 (D. Doc. 44, at 2 n.2).

[42] *Impastato*, 535 F. Supp. 2d at 741-42 (citing Ruling on Motions, *United States v. Impastato,* No. 2:05-CR-325 (E.D.La. Apr. 16, 2007) (Moore, Mag. J.) (R. Doc. 66, at 6) (citing *Hsia*, 2000 WL 195067, at *1)).

[43] *See* Ruling on Motions, *Impastato,* No. 2:05-CR-325 (E.D.La. Apr. 16, 2007) (Moore, Mag. J.) (R. Doc. 66, at 6 n.3) (citing *United States v. Haydel*, No. 2:05-CR-242 (E.D. La. Mar. 24, 2006)).

Pursuant to Rule 16, and in line with *Haydel* and *Impastato*, the Court finds a defendant's case-in-chief includes any documents a defendant intends to use during cross-examination of a government witness except for the purpose of impeachment.[44]

Rule 16(d)(2) provides possible remedies for when a party fails to comply with discovery obligations outlined in Rule 16. Rule 16(d)(2) states:

> If a party fails to comply with this rule the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.[45]

Because a defendant's reciprocal discovery obligation is only triggered with respect to the actual discovery requested by him or her, the Court will address Defendants' reciprocal discovery obligations separately.

## I.   Defendant Dr. Michael Jones

On April 1, 2015, Defendant Dr. Michael Jones sent a formal discovery request to the Government.[46] In his letter, Dr. Jones formally requested the disclosure of documents under Rule 16(a)(1)(E)[47] and expert witness summaries under 16(a)(1)(G).[48]

Because the Court finds the Government has complied with Dr. Jones' request for documents,[49] Dr. Jones is required to produce reciprocal discovery of documents under

---

[44] *See United States v. Hsia*, 2000 WL 195067, at *2 (D.D.C. Jan 21, 2000); *Case-in-chief, Black's Law Dictionary* (10th ed. 2014). *See also, Swenson*, 298 F.R.D. at 476-77; *U.S. v. Holden*, 2015 WL 1514569, at *4 (D. Or. Mar 19, 2015) (finding the approach in *Swenson* and *Hsia* to be in line with "the structure and integrity of Rule 16(b) as a whole.").

[45] FED. R. CRIM. P. 16(d)(2).

[46] R. Doc. 649-2, at 12-17.

[47] *Id.* at 12-13, ¶ 4-6.

[48] *Id.* 13, ¶ 7.

[49] *See* R. Doc. 471. In his order, Magistrate Wilkinson found that the Government's disclosure of "a well-organized and index production" of 350,000 documents "is a more than adequate response to all of defendants' requests for tangible items under Rule 16(a), and the government is not required to provide any additional effort beyond this procedure." *Id.* at 9.

Rules 16(b)(1)(A). Upon compliance with Dr. Jones' request for expert witness summaries under Rule 16(a)(1)(G), Dr. Jones must provide reciprocal discovery of expert witness summaries under Rule 16(b)(1)(C).

## II.    Defendant Dr. Shelton Barnes

On December 4, 2015, Dr. Shelton Barnes sent a formal discovery request to the Government.[50] In his request, Dr. Barnes formally requested the disclosure of documents under Rule 16(a)(1)(E),[51] reports of examinations and tests under Rule 16(a)(1)(F),[52] and expert witness summaries under 16(a)(1)(G).[53]

Because the Court finds the Government has complied with Dr. Barnes' request for documents,[54] Dr. Barnes is required to produce reciprocal discovery of documents under Rules 16(b)(1)(A). Upon compliance with Dr. Barnes' requests for reports under Rule 16(a)(1)(F) and expert witness summaries under Rule 16(a)(1)(G), Dr. Barnes must provide respective reciprocal discovery of reports under Rule 16(b)(1)(B) and expert witness summaries under Rule 16(b)(1)(C).

## III.    Defendant Dr. Gregory Molden

On May 18, 2016, Dr. Gregory Molden sent a formal discovery request to the Government.[55] In his request, Dr. Molden formally requested the disclosure of documents

---

[50] R. Doc. 649-3, at 11-18.
[51] *Id.* at 12-13.
[52] *Id.* at 14.
[53] *Id.* at 14.
[54] *See* R. Doc. 471. In his order, Magistrate Wilkinson found that the Government's disclosure of "a well-organized and index production" of 350,000 documents "is a more than adequate response to all of defendants' requests for tangible items under Rule 16(a), and the government is not required to provide any additional effort beyond this procedure." *Id.* at 9.
[55] R. Doc. 649-4, at 7-14.

under Rule 16(a)(1)(E)[56] and reports of examinations and tests under Rule 16(a)(1)(F).[57] Dr. Molden did not file an opposition to the Government's motion.

Dr. Molden also formally requested, "If you intend to call expert witnesses at trial, please state their area of expertise and qualifications so that the defense may either interview that expert or obtain an expert witness in that field."[58] Rule 16(a)(1)(G) states "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use . . ."[59] Additionally, the Rule states "The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."[60] In *United States v. Japser*, 2003 WL 223212 (S.D.N.Y. Jan. 31, 2003), the court discusses the importance of expert summaries to Rule 16(a)(1)(G): "[T]he Advisory Committee emphasized that the most important aspect of this mutual discovery obligation is the provision of a summary of the bases of the expert's opinion."[61] Additionally, courts have found that disclosures under Rule 16(a)(1)(G) and reciprocal disclosures under Rule 16(b)(1)(C) that lack an adequate summary statement are deficient.[62] Because Dr. Molden specifically only requested the expert's area of expertise and qualifications, Dr. Molden did not make a discovery request under Rule 16(a)(1)(G) for a summary of expert's testimony. As a defendant's reciprocal obligation under Rule 16(b)(1)(C)(i) can only be triggered after the defendant has made a request under Rule(a)(1)(G), Dr. Molden has no

---

[56] *Id.* at 7-9.

[57] *Id.* at 9.

[58] *Id.* at 13.

[59] FED. R. CRIM. P. 16(a)(1)(G).

[60] *Id.*

[61] *United States v. Jasper*, 2003 WL 223212, at *3 (S.D.N.Y. Jan. 31, 2003) (citing FED. R. CRIM. P. 16, Advisory Committee Notes, 1993 Amendment).

[62] *See United States v. Afremov*, 2007 WL 3237624, at *2 (D. Minn. Oct. 30, 2007) (finding the defendant's disclosure under Rule 16(b)(1)(C) was insufficient because the disclosures "do not 'describe the witness's opinions [and] the bases and reasons for those opinions' under Rule 16(b)(1)(C).").

obligation to provide the Government reciprocal discovery of written summaries of expert witness testimony.

Because the Court finds the Government has complied with Dr. Molden's request for documents,[63] Dr. Molden is required to produce reciprocal discovery of documents under Rules 16(b)(1)(A). Upon compliance with Dr. Molden's request for reports under Rule 16(a)(1)(F), Dr. Molden must provide reciprocal discovery of reports under Rule 16(b)(1)(B).

## IV.   Defendant Dr. Henry Evans

Dr. Henry Evans has not filed a formal discovery request with the Government.[64] Dr. Evans filed an opposition to the Government's motion for reciprocal discovery joining in the substance of the arguments made on behalf of Dr. Barnes and Dr. Jones in their respective oppositions.[65] In his opposition, Dr. Evans' does not qualify his joining of these oppositions to state that unlike Dr. Barnes and Dr. Jones, he did not request discovery, but instead adopts the argument that the Defendants have already complied with their reciprocal discovery obligations.[66] When a defendant joins another defendant's opposition and does not qualify any of the arguments, the joining defendant may be bound to the original defendant's argument.[67]

Dr. Evans has made numerous informal discovery requests for documents under Rule 16(a)(1)(E). First, on June 10, 2016, Dr. Evans filed his Motion for Extension of Time

---

[63] *See* R. Doc. 471. In his order, Magistrate Wilkinson found that the Government's disclosure of "a well-organized and index production" of 350,000 documents "is a more than adequate response to all of defendants' requests for tangible items under Rule 16(a), and the government is not required to provide any additional effort beyond this procedure." *Id.* at 9.
[64] R. Doc. 649-1, at 5.
[65] R. Doc. 688.
[66] *See id.*
[67] *See e.g.*, *United States v. Palmer*, 844 F. Supp. 2d 22, 33 (W.D.N.Y. 2012).

to File Bill of Particulars and Discovery Motions.[68] While Dr. Evans ultimately did not file a discovery motion, he states in his initial motion that he has "scheduled a meeting to meet with the governments counsel on June 22 to review documents and obtain information regarding the specifics of the charges lodged."[69] Additionally, Dr. Evans adds, "Defendant has no desire to burden the Court with filings and motions which may not be necessary. It is expected that the meeting between defense counsel and the governments' attorneys will result in an agreement and understanding which will obviate the need for a bill of particulars or discovery motion."[70]

Additionally, the Government contends Dr. Evans has already agreed to produce reciprocal discovery, "but has not yet done so."[71] Dr. Evans' responses to questions about reciprocal discovery at monthly status conferences suggest Dr. Evans has acknowledged his obligation to provide reciprocal discovery. For example, Dr. Evans has continually made the argument that he is not required to produce documents that he initially received from the Government.[72] This is not an argument that the defendant has not triggered his reciprocal discovery obligations, but instead is an argument that the defendant has already satisfied his obligations. As noted above, the Court has rejected this position. Additionally, Dr. Evans has continually voiced concerns at the status conferences about the Government's failure to produce a list specifically identifying which patient's records the Government intends to use against each Defendant at trial.[73]

---

[68] R. Doc. 570.
[69] *Id.* at 1.
[70] *Id.* at 2.
[71] R. Doc. 649-1, at 6.
[72] *See, e.g.*, R. Doc. 392, at 34 ("If I may point out. There was some search warrants that were executed, and then there was some other requests made, so I think most of the documents that the government is producing in fact came already from the defendants. So I would suggest the defendants haven't provided the documents. In a lot of instances, they were taken from defendants before indictment. I think the government has the bulk of this already.").
[73] *See, e.g.*, R. Doc. 629, at 20-21.

Because the Court finds the Government has complied with Dr. Evans' informal requests for documents,[74] Dr. Evans is required to produce reciprocal discovery of documents under Rules 16(b)(1)(A). Because Dr. Evans made no other discovery requests, Dr. Evans has no other reciprocal discovery obligations under Rule 16(b).

## V.   Defendant Paula Jones

Defendant Paula Jones has not filed an opposition to the Government's motion. When a defendant fails to file an opposition to the government's motion to compel reciprocal discovery, courts may assume that the defendant does not object to the government's right to request the discovery at issue.[75]

Furthermore, like Dr. Evans, Ms. Jones informally requested the production of documents. First, Ms. Jones participated in a numerous discussions at the monthly status conferences. For example, at these status conferences, Ms. Jones has frequently requested a list of particular patients relating to her alleged fraudulent billing.[76] Additionally, all defense counsel have met with the Government to discuss discovery. The Government has also provided extensive discovery and has produced documents in an organized and searchable online database. [77]

Because the Court finds the Government has complied with Ms. Jones' informal request for documents, Ms. Jones is required to produce reciprocal discovery of

---

[74] *See* R. Doc. 471. In his order, Magistrate Wilkinson found that the Government's disclosure of "a well-organized and index production" of 350,000 documents "is a more than adequate response to all of defendants' requests for tangible items under Rule 16(a), and the government is not required to provide any additional effort beyond this procedure." *Id.* at 9.

[75] *See, e.g.*, *United States v. Parlavecchio*, 903 F. Supp. 788, 796 (D.N.J. 1995);

[76] *See, e.g.*, R. Doc. 628, at 22.

[77] *See* R. Doc. 471. In his order, Magistrate Wilkinson found that the Government's disclosure of "a well-organized and index production" of 350,000 documents "is a more than adequate response to all of defendants' requests for tangible items under Rule 16(a), and the government is not required to provide any additional effort beyond this procedure." *Id.* at 9.

documents under Rules 16(b)(1)(A). Because Ms. Jones made no other discovery requests, Ms. Jones has no other reciprocal discovery obligations under Rule 16(b).

## VI.    **Defendant Jonathon Nora**

Defendant Jonathon Nora has not filed an opposition to the Government's motion. When a defendant fails to file an opposition to the government's motion to compel reciprocal discovery, courts may assume that the defendant does "not object to the government's right to request the discovery at issue."[78]

Furthermore, like Ms. Jones, Mr. Nora informally requested the production of documents. First, Mr. Nora participated in a numerous discussions at the monthly status conferences. Additionally, all defense counsel have met with the Government to discuss discovery. The Government has also provided extensive discovery and has produced documents in an organized and searchable online database. [79]

Because the Court finds the Government has complied with Mr. Nora's informal request for documents, Mr. Nora is required to produce reciprocal discovery of documents under Rules 16(b)(1)(A). Because Mr. Nora made no other discovery requests, Mr. Nora has no other reciprocal discovery obligations under Rule 16(b).

---

[78] *See United States v. Parlavecchio*, 903 F. Supp. 788, 796 (D.N.J. 1995);

[79] *See* R. Doc. 471. In his order, Magistrate Wilkinson found that the Government's disclosure of "a well-organized and index production" of 350,000 documents "is a more than adequate response to all of defendants' requests for tangible items under Rule 16(a), and the government is not required to provide any additional effort beyond this procedure." *Id.* at 9.

Case 2:15-cr-00061-SM-JCW   Document 742   Filed 10/04/16   Page 15 of 16


## <u>CONCLUSION</u>

For the foregoing reasons, **IT IS ORDERED** that the Government's motion to compel Defendants to produce reciprocal discovery is **GRANTED IN PART** and **DENIED IN PART**.[80]

Pursuant to Rule 16(b)(1)(A) each Defendant must comply with his or her reciprocal discovery obligations by producing documents and objects the Defendant intends to use in the his or her case-in-chief at trial. This includes documents that will be used for purposes other than impeachment during cross-examination of a government witness. Defendants must comply in the form of producing actual documents or by referencing Bates numbers on government disclosures.[81] Documents not initially produced by the Government must be Bates numbered by the producing Defendant.

Upon the Government's compliance with Defendant Michael Jones' request for expert written summaries under Rule 16(a)(1)(G), Defendant Michael Jones must provide reciprocal discovery of expert witness summaries under Rule 16(b)(1)(C).

Upon the Government's compliance with Defendant Shelton Barnes' requests for reports under Rule 16(a)(1)(F) and expert witness summaries under Rule 16(a)(1)(G), Defendant Shelton Barnes must provide respective reciprocal discovery of reports under Rule 16(b)(1)(B) and expert witness summaries under Rule 16(b)(1)(C).

Upon the Government's compliance with Defendant Gregory Molden's request for reports under Rule 16(a)(1)(F), Defendant Gregory Molden must provide reciprocal discovery of reports under Rule 16(b)(1)(B).

---

[80] R. Doc. 649.

[81] The placement of sticky notes on documents in the Government's possession is not sufficient.

Failure to produce materials required by Rule 16(b)(1) may result in the exclusion of evidence at trial.[82]

A revised scheduling order will be entered separately to provide deadlines for required disclosures.

**New Orleans, Louisiana, this 3rd day of October, 2016.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[82] *See* FED. R. CRIM. P. 16(d)(2)(C).

16