UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-61** |
| **LISA CRINEL** | **SECTION "E"(2)** |

## ORDER AND REASONS

Before the Court is a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Lisa Crinel.[1] The United States filed a response.[2] Crinel replied.[3] For the following reasons, Crinel's motion is **DENIED**.

## BACKGROUND

Crinel brings this motion to vacate her sentence based on her counsel's alleged ineffective assistance prior to the time she entered her guilty plea. Crinel argues the following two deficient actions by her counsel, Herb Larson, rendered her guilty plea involuntary: (1) Crinel alleges Larson improperly promised that, if she pleaded guilty, she would receive a sentence of two to three years of imprisonment, and (2) Crinel alleges Larson improperly rejected her preference for a trial because he said she did not have enough money.[4] Crinel argues, but for these deficiencies, she would have exercised

---

[1] R. Doc. 1722.
[2] R. Doc. 1737.
[3] R. Doc. 1788.
[4] R. Doc. 1722-1, at 2–3.

1

her right to a jury trial.[5] The Government argues the Court should deny Crinel's motion because it is untimely and meritless.[6]

The proceedings in this case are as follows. On October 2, 2015, Crinel pleaded guilty to counts one and two of a twenty-six-count indictment.[7] Count one charged her with conspiring to commit health care fraud, in violation of 18 U.S.C. § 1349, and count two charged her with conspiring to violate the anti-kickback statute, in violation of 18 U.S.C. § 371.[8] Those offenses carried maximum possible sentences of 10 and 5 years, respectively.[9] Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Crinel's plea agreement included a stipulated United States Sentencing Guidelines range of 78 to 97 months.[10] Crinel was represented by Herb Larson and Sara Johnson, both of whom were present for her rearraignment.[11]

On September 21, 2017, the Court accepted Crinel's plea agreement, sentenced her to an 80-month term of imprisonment, and imposed a restitution order.[12] After receiving this sentence, Crinel sought to reduce her sentence by cooperating with the Government and requesting the Government file a Rule 35 motion. On July 10, 2018, Crinel's post-conviction counsel, Sara Johnson, sent Crinel an email suggesting that filing a § 2255 motion based on the alleged misconduct of Larson could hurt her chances of the Government filing a Rule 35 motion.[13] Crinel did not file a § 2255 motion at that time. The Government filed a Rule 35 motion on October 2, 2018.[14] On October 17,

---

[5] *Id.* at 11.
[6] R. Doc. 1737.
[7] R. Doc. 1299.
[8] R. Doc. 1.
[9] 18 U.S.C. § 1347; 18 U.S.C. § 371.
[10] R. Doc. 366 ¶ 5.
[11] R. Doc. 1299, at 3.
[12] *Id.*; R. Doc. 1316.
[13] R. Doc. 1725-3.
[14] R. Doc. 1537.

2018, the Court granted the Rule 35 motion and reduced Crinel's sentence by 6 months.[15] On January 24, 2019, Crinel filed the instant motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[16]

## LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed her sentence to vacate, set aside, or correct the sentence.[17] The Court denies Crinel's § 2255 motion to vacate, set aside, or correct her sentence because it is untimely, and, even if it were timely, it is meritless.

### I. Timeliness Under 28 U.S.C. § 2255(f)

The statute of limitations for a § 2255 motion is set forth in 28 U.S.C. § 2255(f). Section 2255(f)(4), the provision at issue in this case, permits a movant to bring a § 2255 motion within one year of the date on which the facts supporting her claim could have been discovered through due diligence.[18] The following dates represent the relevant proceedings in Crinel's case:

- October 2, 2015- Crinel pleaded guilty[19]
- September 21, 2017- the Court sentenced Crinel[20]
- October 9, 2017- Crinel's conviction became final
- July 10, 2018- email from Crinel's post-conviction counsel to Crinel[21]
- October 2, 2018- Government filed Rule 35 motion[22]
- October 9, 2018- Deadline for timely filing a § 2255 motion under § 2255(f)(1)

---

[15] R. Doc. 1580.
[16] R. Doc. 1722-1.
[17] 28 U.S.C. § 2255(a).
[18] 28 U.S.C. § 2255(f)(1)–(4).
[19] R. Doc. 1299.
[20] R. Doc. 1316.
[21] R. Doc. 1725-3.
[22] R. Doc. 1537.

3

- October 17, 2018- the Court granted the Government's Rule 35 motion and reduced Crinel's sentence by six months[23]
- January 24, 2019- Crinel filed the instant § 2255 motion[24]

Crinel argues her motion is timely under §2255(f)(4) because she brought it within one year of the date the Court reduced her sentence by granting the Government's Rule 35 motion on October 17, 2018. She argues this is the date on which she could have known the facts supporting her claim that her counsel rendered ineffective assistance. Alternatively, Crinel argues the Court should employ equitable tolling and consider her motion even if it falls outside the statute of limitations. Both of Crinel's arguments fail. Crinel's motion is not timely under § 2255(f)(4) because she knew the facts giving rise to her claim more than a year before she filed her motion. Further, this is not a rare and extraordinary case to which equitable tolling should apply.

### A.     Crinel's Petition is Untimely Under 28 U.S.C. § 2255(f)

According to 28 U.S.C. § 2255(f), a prisoner must bring a § 2255 motion within one year from the latest of the following: (1) the date the conviction becomes final; (2) the date an unconstitutional or illegal government-created impediment to making the motion is removed; (3) the date the right asserted in a motion was first recognized by the Supreme Court, if that right was newly recognized and made retroactive; or (4) the date facts supporting the claim could have been discovered through due diligence.[25]

Crinel's conviction became final on October 9, 2017, when she failed to notice a direct appeal within the 14 days following the entry of this Court's judgment on

---

[23] R. Doc. 1580.
[24] R. Doc. 1722-1.
[25] 28 U.S.C. § 2255(f)(1)–(4).

4

September 25, 2017.[26] Under § 2255(f)(1), she had one year from that date—until October 9, 2018—to file her § 2255 motion. Because she did not file her motion until January 18, 2019, she did not meet this deadline. Accordingly, Crinel's motion is untimely under § 2255(f)(1). Sections 2255(f)(2) and (3) do not apply to Crinel's case because there was no illegal government-created impediment to her motion, nor is her claim based on a new right recognized by the Supreme Court.

Acknowledging these facts, Crinel relies on § 2255(f)(4) to argue her petition is timely. Under § 2255(f)(4), a prisoner must bring a § 2255 motion within one year of the "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Diligence must merely be reasonable under the circumstances.[27] A prisoner can show due diligence by prompt action as soon as she is in a position to realize she should act.[28] "In applying § 2255(f)(4), '[t]he important thing is to identify a particular time . . . when diligence is in order.'"[29]

When determining the point at which facts concerning a sentencing outcome could have been discovered through due diligence, courts often look at the information provided in a plea agreement and the statements made during a plea proceeding. For example, in *Ahmed v. United States*, a prisoner brought a § 2255 motion based on his counsel's alleged false promises regarding the outcome of his sentence.[30] The District Court for the Northern District of Mississippi held that, at his plea colloquy or when his

---

[26] R. Doc. 1309, at 1. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding a conviction becomes final when a federal prisoner fails to file notice of appeal upon expiration of time in which to file direct appeal); FED. R. APP. P. 4(b)(1)(A)(i) (stating a notice of appeal must be filed within fourteen days after entry of judgment). This Court granted the Government's Rule 35(b) motion, modified Crinel's sentence, and entered an amended judgment on October 17, 2018, R. Doc. 1580. The modification of a sentence through Rule 35(b) does not affect the finality of criminal judgment. *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015); *see also* 18 U.S.C. § 3582(b).
[27] *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017), *as revised* (June 14, 2017).
[28] *Id.* (citing *Johnson v. United States*, 544 U.S. 295, 308 (2005)).
[29] *Id.* (alterations in original) (quoting *Johnson*, 544 U.S. at 308).
[30] No. 1:06-CR-00118-GHD, 2013 WL 139886, at *2 (N.D. Miss. Jan. 10, 2013).

conviction became final, the movant could have known through due diligence of the facts supporting his ineffective-assistance claim.³¹

Similarly, in *United States v. Thomas*, another section of this court applied § 2255(f)(4) in a case in which the movant claimed his lawyer misled him into believing a high court would automatically review the basis for establishing his prior convictions.³² The court determined the movant could have known the facts underlying his ineffective-assistance claim "by refuting the basis of his prior convictions during his rearraignment, by asking this Court for additional time to discuss the plea agreement with his counsel, or by raising any concerns with respect to his waiver of appellate rights with the Court before sentencing.³³

At the time of her guilty plea on October 2, 2015, Crinel could have known, through due diligence, of her counsel's alleged ineffective assistance by promising she would receive a two to three year sentence if she pleaded guilty. Crinel's plea agreement correctly stated she faced a statutorily maximum sentence of fifteen years³⁴ and that "the Court could impose the maximum term of imprisonment."³⁵ The Government entered into a plea agreement with Crinel under Federal Rule of Criminal Procedure 11(c)(1)(C).

Rule 11(c)(1)(C) is rarely employed in this district. In an 11(c)(1)(C) plea agreement, the defendant and Government "agree that a specific sentence or sentencing range is the appropriate disposition of the case."³⁶ "[S]uch a recommendation or request

---

³¹ *Id.* at *2.
³² No. CRIM.A. 06-269, 2012 WL 3309711, at *3 (E.D. La. Aug. 13, 2012).
³³ *Id.*
³⁴ R. Doc. 366 ¶ 4.
³⁵ *Id.* ¶ 13.
³⁶ FED. R. CRIM. P. 11(c)(1)(C).

6

binds the court once the court accepts the plea agreement."[37] If a court does not accept the plea agreement, or sentences the defendant outside the specified range, the defendant has a right to withdraw her plea.[38]

Crinel's plea agreement under 11(c)(1)(C) stated "a sentence within the guideline range of 78-97 [months] is the appropriate disposition of the case."[39] Crinel signed the plea agreement and at her rearraignment agreed to its terms, including the stipulation that a sentence of 78 to 97 months would be the appropriate sentence in this case.[40] Moreover, at her rearraignment, the Court inquired into whether Crinel understood the Rule 11(c)(1)(C) plea she was entering into, and Crinel affirmed she had gone over this agreement with her counsel, signed it, and understood it.[41] Crinel stated no one had told her what sentence she would receive and she knew the Court would have to consider the applicable guidelines and other sentencing factors before imposing a sentence.[42] Crinel stated she was "definitely" "entirely satisfied with the advice and services of [her] attorney" throughout her plea negotiations.[43]

The plea agreement further explained the Government "shall not be required to[] make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines" and stated "[i]t shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing

---

[37] *Id.*
[38] *Id.*
[39] R. Doc. 366 ¶ 5.
[40] R. Doc. 1299, at 35.
[41] *Id.* at 20, 27–29.
[42] *Id.* at 19–20.
[43] *Id.* at 45.

7

guidelines will be filed."[44] At her rearraignment, Crinel stated she understood it was within the Government's sole discretion to move for a sentence reduction under Rule 35 or through a 5K motion, and that, if the Government did so move, the Court "must independently evaluate whether to grant such a motion."[45] Crinel also stated she understood the Court could impose a sentence below the agreed-upon range in the plea agreement if the Government filed a 5K motion before her sentence was imposed.[46] The government did not file any such motion prior to Crinel's sentencing.

In exchange for her pleading guilty, not only did the Government enter into a rare 11(c)(1)(C) plea agreement with Crinel, the Government also agreed to move to dismiss the charges pending against Crinel's daughter, Ms. Wilneisha Harrison Jakes, after Ms. Jakes' successful completion of a term of pretrial diversion and her guilty plea to a misdemeanor charge.[47]

At the time of her rearraignment on October 2, 2015—two years before her sentence became final on October 9, 2017—Crinel was aware of the facts underlying her claim of ineffective assistance of counsel. If Crinel's counsel in fact did tell her before her rearraignment that, if she pleaded guilty, she would receive a two to three year sentence, she should have known that statement was false at the time she signed her plea agreement, and testified in Court that she understood and consented to the terms of her plea agreement, including the statement that a sentence of 78 to 97 months was appropriate.

Likewise, Crinel could have known at her rearraignment, through the exercise of due diligence, of any facts underlying her claim that her counsel rejected her preference

---

[44] R. Doc. 366 ¶ 17.
[45] R. Doc. 1299, at 41.
[46] *Id.*
[47] R. Doc. 366 ¶¶ 2–3; R. Doc. 1299, at 35.

8

for a trial because she could not afford it, despite her sincere belief she was not guilty. During her rearraignment, Crinel stated she was guilty, stated no threats had influenced her plea, waived her trial rights, and acknowledged she had sufficient time to discuss possible defenses with her attorney.[48] Further, the Court explained that, if Crinel did not have and could not afford an attorney, one would be appointed to represent her.[49] To the extent her retained counsel told her anything different regarding her ability to go to trial based on financial considerations, Crinel would have been aware of the conflict between her counsel's statement and the Court's statement at the time of her rearraignment. Crinel should have taken prompt action then, or at the very latest, she should have done so within a year of her conviction becoming final on October 9, 2017.

Crinel argues the Court's October 17, 2018, sentence reduction began the limitations period under § 2255(f)(4) because, before that date, she could not have discovered the facts underlying her two ineffective-assistance claims. This is incorrect. As Crinel's written plea agreement and Crinel's statements at her rearraignment establish, she received information at her rearraignment on October 2, 2015, that should have caused her to question her counsel's alleged misstatements and ineffective actions. Crinel does not establish that she could not have obtained this information through due diligence until the Court reduced her sentence on October 17, 2018.

Crinel was able, through due diligence, to discover all the facts underlying her claims before her conviction became final on October 9, 2017. As a result, § 2255(f)(4) does not serve to extend the limitations period in this case past the date set by § 2255(f)(1)—October 9, 2018, one year after her sentence became final.

---

[48] *Id.* at 25, 26, 46–47.
[49] *Id.* at 4.

## B.  Equitable Tolling Does Not Apply to Crinel's Limitation's Period

As an alternative timeliness argument, Crinel argues the Court should employ equitable tolling. Section 2255's one-year limitations period is not jurisdictional and, as a result, is subject to equitable tolling in "rare and exceptional circumstances" when "strict application of the statute of limitations would be inequitable."[50] A movant seeking the benefit of equitable tolling "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[51] "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[52] The burden is on the movant to show she has been pursuing her rights diligently and some extraordinary circumstance prevented her from timely filing.[53] Crinel has not shown she has been pursuing her rights diligently or that some extraordinary circumstance stood in her way of timely filing.

### 1.  Crinel has not pursued her rights diligently

In *Ahmed v. United States*, the District Court for the Northern District of Mississippi faced a situation similar to the case at hand and determined equitable tolling did not apply.[54] In that case, the movant requested the court use equitable tolling to consider his late § 2255 motion based on his counsel's alleged misrepresentation of the prison sentence the movant would receive.[55] In declining to employ equitable tolling, the court stated:

---

[50] *United States v. Patterson,* 211 F.3d 927, 928, 930 (5th Cir. 2000) (per curiam) (*citing Davis v. Johnson,* 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks and citation omitted)).
[51] *See Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (internal quotations marks and citation omitted).
[52] *Patterson,* 211 F.3d at 930–31 (internal quotation marks and citations omitted).
[53] *Id.* at 365.
[54] No. 1:06CR118-D-S, 2013 WL 4805779, at *5 (N.D. Miss. Sept. 9, 2013).
[55] *Id.*

10

> "[A]t his plea colloquy . . . Ahmed [] testified under oath . . . that his attorney had made no promises to him concerning his sentence. . . . Ahmed claims now that his attorney promised[] that he would receive no prison time at all . . . . As discussed above, Ahmed did not mention either of these promises during the sentencing hearing of August 14, 2008, or immediately afterward. . . . *It was Ahmed's responsibility to let the court know of any promises regarding his sentence when the court asked at the plea hearing, and Ahmed's failure to do so rebuts his claim now that his attorney made such a promise.*[56]

Much like the movant in *Ahmed*, Crinel knew the maximum prison term she faced by virtue of: her plea agreement; her attorney's advice; and the Court's colloquy at her rearraignment. Crinel also admitted her guilt, was informed the Court would appoint counsel for her at trial should she not be able to afford one, and acknowledged she had discussed any defenses she might have with her lawyer. Crinel should have raised her arguments concerning her counsel's ineffective assistance at the time of her rearraignment. Her failure to do so for over three years after her rearraignment shows she did not pursue her rights diligently so as to warrant the application equitable tolling in this case.

### 2. No extraordinary circumstance prevented Crinel from timely filing

A movant may be entitled to equitable tolling if her counsel intentionally deceives her.[57] For example, in *United States v. Wynn*, the movant alleged his counsel falsely informed him that a timely § 2255 motion had been filed, and the Fifth Circuit found this deceit could support equitable tolling because it was an extraordinary circumstance that prevented timely filing.[58] However, "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."[59] "[N]either a

---

[56] *Id.* (emphasis added).
[57] *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir. 2002).
[58] 292 F.3d 226, 228, 230 (5th Cir. 2002).
[59] *United States v. Petty,* 530 F.3d. 361, 366 (2008).

11

[litigant's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."[60]

Crinel has not pointed to any intentionally deceitful action by her counsel that prevented her from timely filing a § 2255 motion. Crinel attempts to make this showing by arguing[61] an email from her post-conviction counsel[62] constitutes an extraordinary circumstance that prevented timely filing. This email was sent on July 10, 2018,[63] about three months before her deadline to file a § 2255 motion under §2255(f)(1). The email states in relevant part: "I have a conflict of interest and cannot advise you on an ineffective assistance [of] counsel claim against [Herb Larson] . . . . [H]owever, I can give you advice on strategy for obtaining a Rule 35. There is no doubt in my mind that you should qualify for such a motion . . . . If you file a 2255 against Herb, I predict that it would greatly jeopardize your Rule 35."[64]

This email was not an extraordinary circumstance that prevented timely filing and does not support Crinel's argument for equitable tolling. Her post-conviction counsel's statement that a § 2255 motion "would greatly jeopardize your Rule 35" was not intentional deceit so extraordinary as to prevent Crinel from filing a timely § 2255 motion. Her post-conviction counsel made very clear she could not assist Crinel with filing a § 2255 motion because of a conflict of interest.[65] At worst, Crinel's post-conviction counsel's statements were mere error or neglect.

It was Crinel's responsibility—at or shortly after her rearraignment, or at least within the time permitted by 2255(f)(1)—to let the Court know of any misleading

---

[60] *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999) (internal citation omitted).
[61] R. Doc. 1722-1, at 17–18.
[62] R. Doc. 1725-3.
[63] *Id.*
[64] *Id.*
[65] R. Doc. 1725-3.

promises regarding her sentence or problems retaining trial counsel. Because Crinel has failed to show she "has been pursuing h[er] rights diligently, and[] that some extraordinary circumstance stood in h[er] way and prevented timely filing,"⁶⁶ equitable tolling does not apply in this case. Accordingly, Crinels § 2255 motion is late under § 2255(f) and is dismissed as untimely.

## II. Crinel's § 2255 Motion Is Meritless

Even if Crinel's motion were timely, she has not demonstrated a successful claim for ineffective assistance of counsel. Only a narrow set of claims are cognizable on a § 2255 motion. A prisoner may bring such a motion if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."⁶⁷ Crinel claims her sentence violates the Sixth Amendment of the U.S. Constitution because her counsel offered ineffective assistance during plea negotiations.

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."⁶⁸ If the motion raises a non-frivolous claim to relief, however, the court must order the Government to file a response or to take other appropriate action.⁶⁹ The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery.⁷⁰

---

⁶⁶ *See Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (internal quotations marks and citation omitted).
⁶⁷ *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).
⁶⁸ RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b).
⁶⁹ *Id.*
⁷⁰ *Id.*, Rules 6–7.

13

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted.[71] An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[72] No evidentiary hearing is required if the defendant fails to produce any "independent indicia of the likely merit of [her] allegations."[73]

Ultimately, the defendant bears the burden of establishing claims of error by a preponderance of the evidence.[74] For certain "structural" errors, relief follows automatically once the error is proved.[75] For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case.[76] If the court finds that the defendant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[77]

In this case, Crinel's motion raised a non-frivolous claim to relief,[78] and the Court ordered the Government to file a response or take other appropriate action.[79] The Government filed a response[80] to which Crinel replied.[81] The Court also granted Crinel's motion to expand the record to include four additional exhibits.[82] No evidentiary

---

[71] *Id.*, Rule 8.
[72] 28 U.S.C. § 2255(b).
[73] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[74] *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980).
[75] *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993).
[76] *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding).
[77] 28 U.S.C. § 2255(b).
[78] R. Doc. 1722.
[79] R. Doc. 1726.
[80] R. Doc. 1737.
[81] R. Doc. 1788.
[82] R. Doc. 1725; R. Doc. 1739.

14

hearing was required because Crinel failed to produce any independent indicia of the likely merit of her allegations.

As mentioned, Crinel claims her sentence violates her Sixth Amendment right to counsel. Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*.[83] To succeed on her claim under *Strickland*, Crinel must show her counsel's actions fell below an objective standard of reasonableness and that she suffered prejudice as a result.[84] In the context of her claim that ineffective assistance of counsel rendered her plea involuntary, Crinel "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and instead would have insisted on going to trial."[85]

First, Crinel has not established by a preponderance of the evidence that her counsel made any constitutionally cognizable error. Herb Larson, Crinel's counsel during the plea negotiations, stated in an affidavit that he did not "promise, assure, or tell" Crinel she would receive a sentence of two to three years.[86] He also testified "Crinel's ability or inability to pay for a defense was not a factor in the advice given.[87]

Furthermore, Crinel has not shown she suffered any prejudice in this matter. "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[88] For example, in *Lee v. United States*, the defendant was never informed that his guilty plea would lead to

---

[83] 466 U.S. 668 (1984).
[84] *Id.*
[85] *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).
[86] R. Doc. 1737 ¶ 16.
[87] *Id.* ¶ 11.
[88] *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill*, 474 U.S. at 59).

15

mandatory deportation, and the Supreme Court held, based on that fact, the defendant demonstrated a reasonable probability that he would have gone to trial had he been fully informed of the consequences of his plea.[89]

Crinel has not shown that, but for her counsel's alleged deficiencies, there was a reasonable probability she would have gone to trial. Unlike the defendant in *Lee*, Crinel was fully, and correctly, informed of the consequences of her plea. Crinel expressly agreed to a stipulated sentence of 78 to 97 months on charges that carried a maximum statutory penalty of 15 years.[90] She also waived her trial rights after acknowledging the Court could impose on her a maximum sentence of fifteen years upon entry of her guilty plea.[91] Finally, she acknowledged the Court would appoint an attorney to represent her at trial if she could not afford one.[92] Accordingly, Crinel knew, and stipulated to, the consequences of her guilty plea, and her attorney's alleged statements did not prejudice her ability to exercise her trial rights in light of those agreed-to consequences. Crinel also knew she could receive Court-appointed counsel for a trial, and she has not shown she was prejudiced from going to trial based on a lack of funds.

## **CONCLUSION**

For the forgoing reasons the Defendant Lisa Crinel's motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**New Orleans, Louisiana, this 22nd day of November, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[89] *Id.*
[90] R. Doc. 1299, at 35.
[91] *Id.* at 18–19, 25.
[92] *Id.* at 4.