UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No. 15-61 |
| LISA CRINEL | SECTION "E"(2) |

## ORDER AND REASONS

Before the Court is a Motion to Reduce Sentence Pursuant to Title 18, U.S.C. 3582(c) filed by Lisa Crinel.[1] The Government did not file a response. For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On October 2, 2015, Crinel pleaded guilty to counts one and two of a twenty-six-count indictment.[2] Count one charged her with conspiring to commit health care fraud, in violation of 18 U.S.C. § 1349, and count two charged her with conspiring to violate the anti-kickback statute, in violation of 18 U.S.C. § 371.[3] Those offenses carried maximum possible sentences of 10 and 5 years, respectively.[4] Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Crinel's plea agreement included a stipulated United States

---

[1] R. Doc. 1891. Crinel titles her motion as a "Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c) and The First Step Act 2018, § 3553(a)." Crinel also cites Federal Rule of Criminal Procedure 35(b) as a basis for her motion. The Court finds § 3582, as Amended by the First Step Act, is the only statute or rule Crinel cites under which she may bring her motion. Federal Rule of Criminal Procedure 35(b) permits the government, not a defendant, to bring a motion to reduce a sentence. *See* Fed. R. Crim P. 35(b) ("Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."). Similarly, 18 U.S.C. § 3553 is not a vehicle by which a defendant may bring a post-conviction motion to reduce his or her sentence.
[2] R. Doc. 1299.
[3] R. Doc. 1.
[4] 18 U.S.C. § 1347; 18 U.S.C. § 371.

1

Sentencing Guidelines range of 78 to 97 months.[5] Crinel was represented by Herb Larson and Sara Johnson, both of whom were present for her rearraignment.[6]

On September 21, 2017, the Court accepted Crinel's plea agreement, sentenced her to an 80-month term of imprisonment, and imposed a restitution order.[7] After receiving this sentence, Crinel sought to reduce her sentence by cooperating with the Government. The Government filed a Rule 35 motion on October 2, 2018.[8] On October 17, 2018, the Court granted the Rule 35 motion and reduced Crinel's sentence by 6 months.[9]

On January 24, 2019, Crinel filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[10] The Court denied that motion on November 22, 2019, because it was untimely and meritless.[11] Crinel now argues her sentence should be reduced pursuant to 18 U.S.C. § 3582(c).[12]

## **LAW AND ANALYSIS**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[13] These limited circumstances are set forth in 18 U.S.C. § 3582(b), which provides:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> (1) modified pursuant to the provisions of subsection (c);

---

[5] R. Doc. 366 ¶ 5.
[6] R. Doc. 1299, at 3.
[7] *Id.*; R. Doc. 1316.
[8] R. Doc. 1537.
[9] R. Doc. 1580.
[10] R. Doc. 1722-1.
[11] R. Doc. 1877.
[12] R. Doc. 1891.
[13] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).

(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

(3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.[14]

In turn, subsection (c) provides, in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

---

[14] 18 U.S.C. § 3582(b).

3

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .[15]

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow courts to modify sentences not only upon motion of the Director of the Bureau of Prisons (BOP) but also upon "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."[16] Under the statute, a court may now modify a defendant's sentence if it finds either on the motion of the BOP or on the motion of the defendant that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[17]

The Sentencing Commission's policy statement has not been amended since the First Step Act was enacted, and a portion of one of the policy statements now clearly contradicts 18 U.S.C. § 3582(c)(1)(A).[18] As a result, there is some dispute as to which, if any, policy statements should apply.[19] The policy statement regarding compassionate release sets forth three specific reasons that are considered "extraordinary and

---

[15] *Id.* § 3582(c)(1).
[16] Pub. L. No. 226-391, § 603, 132 Stat. 5194, 5238–40 (2018).
[17] 18 U.S.C. § 3582(c)(1)(A)(i).
[18] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)."); *United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director.").
[19] *See, e.g.*, *United States v. Brown*, 411 F. Supp. 3d 446, 451–52 (S.D. Iowa 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

compelling," as well as a catchall provision recognizing as "extraordinary and compelling" any other reason "[a]s determined by the Director of the Bureau of Prisons":

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—
>>>
>>>> (I) suffering from a serious physical or medical condition,
>>>>
>>>> (II) suffering from a serious functional or cognitive impairment, or
>>>>
>>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>>
>>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>
>> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>>
>> (C) Family Circumstances.—
>>
>>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[20]

The policy statement regarding compassionate release also requires that "the defendant is not a danger to the safety of any other person or to the community" and that the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[21]

As previously stated, the Sentencing Commission's policy statement has not been amended since the enactment of the First Step Act. Thus, although the First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing that extraordinary and compelling reasons warrant a reduction in the defendant's sentence, USSG § 1B1.13 cmt. n.1(D) still only permits the BOP to determine what constitutes "extraordinary and compelling reason[s]." In light of this conflict, some courts have held: "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may constitute 'extraordinary and compelling.'"[22]

In *United States v. Cantu*, the Southern District of Texas held the catch-all provision contained in USSG § 1B1.13 cmt. n.1(D) "no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court."[23] The *Cantu* court determined the Director of the BOP is

---

[20] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[21] *Id.* at § 1B1.13(2) & cmt. n.4.
[22] *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019).
[23] 2019 WL 2498923 at *5. *See also Brown*, 411 F. Supp. 3d at 451 ("[I]f the [First Step Act] is to increase the use of compassionate release, the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate

no longer the "sole determiner" of what constitutes an extraordinary and compelling reason,[24] and, instead, held that "when a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in USSG § 1B1.13 cmt. n.1(A)–(C) warrant granting relief."[25] For the reasons stated below, the Court need not determine in this case whether only the BOP may determine what qualifies as "extraordinary and compelling reasons" for a sentence reduction.

## I. Crinel Does Not Have Standing Under § 3582

Section 3582 allows a defendant to file a motion for compassionate release upon the earlier of two dates. First, a defendant may file a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf."[26] Second, a defendant may file a motion upon "the lapse of 30 days from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility."[27] "Courts have recognized these two options impose a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court."[28] For instance, in *Cantu*, the court found the petitioner "ha[d]

---

release motion properly before it. Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role. Thus, the Director's prior interpretation of 'extraordinary and compelling' reasons is informative, but not dispositive. (internal citations and quotation marks omitted)); *Fox*, 2019 WL 3046086 at *3 ("I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); *Beck*, 2019 WL 2716505, at *6 ("[C]ourts may, on motions by defendants, consider whether a sentence reduction is warranted for extraordinary and compelling reasons other than those specifically identified in the application notes to the old policy statement.").

[24] 2019 WL 2498923, at *4 ("[I]f the Director of the BOP were still the sole determiner of what constitutes an extraordinary and compelling reason, the amendment's allowance of defendants' own § 3582(c)(1)(A) motions for reduction of sentence would be to no avail. Such a reading would contravene the explicit purpose of the new amendments.").

[25] *Id.* at *5.

[26] 18 U.S.C. § 3582(c)(1)(A).

[27] *Id.*

[28] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala.

standing to bring this motion because more than 30 days elapsed between [her] reduction-in-sentence request to the warden and a response."[29] In contrast, in this case, Crinel has not shown that either (A) she has made any attempt to fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf" or (B) she has made any such request to "the warden of [her] facility."[30] Accordingly, Crinel lacks standing to bring this motion.

## II. Crinel's § 3582 Claim Is Meritless

Even if Crinel had standing to bring this motion, she has not demonstrated "extraordinary and compelling reasons" exist to reduce her sentence, as required by § 3582(c)(1)(A). Crinel argues her sentence should be reduced to time served because of her cooperation with the government in several criminal trials and so that she may spend time with her family.[31]

First, Crinel's reasons do not fall under the three "extraordinary and compelling reasons" explicitly defined in the current policy statement because they do not involve a medical condition, age, or the incapacitation of a family caregiver.[32] In *Cantu*, the district court held that, although the petitioner "ha[d] not presented evidence that his reasons were extraordinary and compelling under the three explicitly defined reasons," the petitioner's case still presented extraordinary and compelling reasons to warrant a reduction under § 3582(c)(1)(A)(i).[33] Recognizing that "[v]ery little guidance exists on what constitutes extraordinary and compelling reasons warranting a sentence reduction

---

June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).
[29] 2019 WL 2498923, at *3.
[30] 18 U.S.C. § 3582(c)(1)(A).
[31] R. Doc. 1891.
[32] *See* USSG § 1B1.13 cmt. n.1(A)–(C).
[33] 2019 WL 2498923, at *3–6.

8

under USSG § 1B1.13 cmt. n.1(D)," the court relied on Black's Law Dictionary to define "extraordinary" as "[b]eyond what is usual, customary, regular, or common," and "compelling" as "so great that irreparable harm or injustice would result if [the relief] is not [granted]."[34] Applying these definitions, the court held:

> Here, [the petitioner] has shown extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A). Because of the First Step Act of 2018, the Government does not oppose him spending the rest of his term of imprisonment in home confinement. For the Government to advocate that the Court issue an order that would cause BOP to release the Defendant, is beyond what is usual, customary, regular, or common. And given the Government's position, irreparable harm and injustice would result if the Court failed to craft such an order.[35]

The *Cantu* court cautioned its "determination in this case is narrow and unlikely to have far-reaching implications" because the Government's "advocat[ion] that the Court issue an order that would cause BOP to release the Defendant, is beyond what is usual, customary, regular, or common."[36]

The Court need not decide whether it agrees with the *Cantu* court's determination that courts, rather than only the Director of the BOP, may determine what constitutes "extraordinary and compelling" reasons under USSG § 1B1.13 cmt. n.1(D).[37] Even under the *Cantu* court's more expansive reading of USSG § 1B1.13 cmt. n.1(D), this Court finds Crinel's proffered reasons do not qualify as "extraordinary and compelling." This is not one of the "narrow" cases in which the Government has advocated that the Court issue an order causing the BOP to release Crinel. Rather, the Government has merely filed no response to Crinel's motion.

---

[34] *Id.* at *5 (quoting *Extraordinary*, BLACK'S LAW DICTIONARY (10th ed. 2014) and *Compelling Need*, BLACK'S LAW DICTIONARY (10th ed. 2014)).
[35] *Id.* (internal quotation marks and citation omitted).
[36] *Id.*
[37] Several other district courts have declined to adopt the *Cantu* court's reasoning or result. *See, e.g.*, *United States v. Lynn*, Criminal No. 89-0072-WS, 2019 WL 3805349 (S.D. Ala. Aug. 13, 2019).

9

Further, as the Court stated in its order denying Crinel's motion under § 2255, Crinel's sentence was fair and reasonable, and she has shown no extraordinary and compelling reasons justifying a sentence reduction. As part of her plea agreement, Crinel expressly agreed to a stipulated sentence of 78 to 97 months on charges that carried a maximum statutory penalty of 15 years.[38] She also waived her trial rights after acknowledging the Court could impose on her a maximum sentence of fifteen years upon entry of her guilty plea.[39]

## **CONCLUSION**

For the forgoing reasons, Defendant Lisa Crinel's motion to reduce her sentence is **DENIED**.

**New Orleans, Louisiana, this 26th day of February, 2020.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 1299, at 35.
[39] *Id.* at 18–19, 25.