**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 15-61** |
| **LISA CRINEL** | **SECTION "E" (2)** |

## ORDER AND REASONS

Before the Court is an Emergency and Expedited Motion to Amend and Correct Sentence and Vacate Order for Restitution filed by Lisa Crinel.[1] The Government filed a response.[2] For the reasons that follow, the motion is **TRANSFERRED**.

## BACKGROUND

On October 2, 2015, Crinel pleaded guilty to counts one and two of a twenty-six-count indictment.[3] Count one charged her with conspiring to commit health care fraud, in violation of 18 U.S.C. § 1349, and count two charged her with conspiring to violate the anti-kickback statute, in violation of 18 U.S.C. § 371.[4] Those offenses carried maximum possible sentences of 10 and 5 years, respectively.[5] Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Crinel's plea agreement included a stipulated United States Sentencing Guidelines range of 78 to 97 months.[6] Crinel was represented by Herb Larson and Sara Johnson, both of whom were present for her rearraignment.[7]

---

[1] R. Doc. 1896.
[2] R. Doc. 1899.
[3] R. Doc. 1299.
[4] R. Doc. 1.
[5] 18 U.S.C. § 1347; 18 U.S.C. § 371.
[6] R. Doc. 366 ¶ 5.
[7] R. Doc. 1299, at 3.

On September 21, 2017, the Court accepted Crinel's plea agreement, sentenced her to an 80-month term of imprisonment, and imposed a restitution order.[8] After receiving this sentence, Crinel sought to reduce her sentence by cooperating with the Government. The Government filed a Rule 35 motion on October 2, 2018.[9] On October 17, 2018, the Court granted the Rule 35 motion and reduced Crinel's sentence by 6 months.[10]

On January 24, 2019, Crinel filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[11] The Court denied that motion on November 22, 2019, because it was untimely and meritless.[12] Crinel now argues her sentence should be amended pursuant to 18 U.S.C. § 3742(c).[13]

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[14] "A trial judge lacks authority to correct a sentencing error unless Congress has provided otherwise. Outside of such a provision of authority, errors at sentencing may be corrected only on appeal."[15]

Crinel states she brings her motion pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3742.[16] Rule 52(b) provides, "[a] plain error that affects substantial rights may be considered even though it was not brought to the

---

[8] *Id.*; R. Doc. 1316.
[9] R. Doc. 1537.
[10] R. Doc. 1580.
[11] R. Doc. 1722-1.
[12] R. Doc. 1877.
[13] R. Doc. 1896.
[14] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[15] *United States v. Murray*, 700 F.3d 241, 243 (5th Cir. 2012) (citations omitted.)
[16] R. Doc. 1896.

court's attention."[17] The Rule "governs on appeal from criminal proceedings [and] provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in district court."[18] The Rule does not create a separate basis on which a defendant may challenge his or her sentence.[19]

18 U.S.C. § 3742(a) allows defendants to appeal sentences on the grounds that the sentence:

> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.[20]

"The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction."[21] As a result, § 3742 does not provide Crinel with relief as this motion is not a direct appeal of her sentence or conviction.

Nevertheless, Crinel's motion, though styled otherwise, is in effect a motion under 28 U.S.C. § 2255. Section 2255 allows a federal prisoner to move the court that imposed his or her sentence to vacate, set aside or correct the sentence.[22] Section 2255

---

[17] Fed. R. Crim. P. 52(b).
[18] *United States v. Olano*, 507 U.S. 725, 731 (1993).
[19] *See id.*
[20] 18 U.S.C. § 3742(a).
[21] *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (citing *Williams v. U.S.,* 503 U.S. 193 (1992); *United States v. Esquivel–Cortes,* 867 F.2d 830, 831 (5th Cir. 1989)).
[22] 28 U.S.C. § 2255(a).

identifies four bases on which the motion may be made: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose" the sentence, (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[23] "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."[24]

Crinel alleges her sentence was illegally imposed for several reasons, including that she was subject to an illegal search and seizure, she was coerced to sign a plea agreement, and the government had insufficient proof of the crime she pleaded guilty to.[25] All of these challenges fall within the scope of § 2255. Accordingly, the Court construes Crinel's motion as a motion under § 2255.[26]

The Court has already considered and denied a motion under § 2255 that Crinel filed on January 24, 2019.[27] Under 28 U.S.C. § 2244(b)(3)(A), "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[28] If a defendant files a second or successive § 2255 motion, "the district court may either dismiss the motion for lack of jurisdiction,

---

[23] *Id.*

[24] *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citations omitted).

[25] R. Doc. 1896.

[26] *United States v. Stevenson*, No. CR 95-377, 2012 WL 12953728, at *1 (E.D. La. Feb. 23, 2012) ("Any motion filed in the district court that imposed the defendant's sentence that is substantively within the scope of § 2255, is a motion under § 2255 regardless of the title the defendant gives the motion.").

[27] R. Doc. 1877.

[28] 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("Since Key had already filed one federal habeas petition, he needed this court's permission before he could again challenge his conviction or sentence in the district court.").

or it may transfer the motion to" the court of appeals.[29] The Court transfers this motion to the Fifth Circuit.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to amend or correct sentence, filed by Lisa Crinel, which the Court construes as a successive motion under 28 U.S.C. § 2255, be and hereby is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.[30]

**New Orleans, Louisiana, this 1st day of April, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29] *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (unpublished) (citing *Key*, 205 F.3d at 774).
[30] R. Doc. 1896.