UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-61 |
| LISA CRINEL | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion for compassionate release[1] and a supplemental motion for compassionate release filed by Lisa Crinel.[2] For the following reasons, Crinel's motions for compassionate release are **DENIED**.

## BACKGROUND

On October 2, 2015, Crinel pleaded guilty to counts one and two of a twenty-six-count indictment.[3] Count one charged her with conspiring to commit health care fraud, in violation of 18 U.S.C. § 1349, and count two charged her with conspiring to violate the anti-kickback statute, in violation of 18 U.S.C. § 371.[4] Those offenses carried maximum possible sentences of 10 and 5 years, respectively.[5] Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Crinel's plea agreement included a stipulated United States Sentencing Guidelines range of 78 to 97 months.[6] Crinel was represented counsel who were present for her rearraignment.[7]

---

[1] R. Doc. 1909.
[2] R. Doc. 1914. The Government filed a response to both motions. R. Doc. 1915. Crinel filed a reply. R. Doc. 1918.
[3] R. Doc. 1299.
[4] R. Doc. 1.
[5] 18 U.S.C. § 1347; 18 U.S.C. § 371.
[6] R. Doc. 366 ¶ 5.
[7] R. Doc. 1299, at 3.

1

On September 21, 2017, the Court accepted Crinel's plea agreement, sentenced her to an 80-month term of imprisonment, and imposed a restitution order.[8] After receiving this sentence, Crinel sought to reduce her sentence by cooperating with the Government. The Government filed a Rule 35 motion on October 2, 2018.[9] On October 17, 2018, the Court granted the Rule 35 motion and reduced Crinel's sentence by 6 months.[10]

On January 24, 2019, Crinel filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[11] The Court denied that motion on November 22, 2019, because it was untimely and meritless.[12] Then, on January 29, 2020, Crinel filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c).[13] The Court denied that motion on February 27, 2020, before the COVID-19 pandemic began in the United States.[14]

Crinel now moves again for a reduction in her sentence, or compassionate release, under 18 U.S.C. § 3582(c), relying on the threat posed by the COVID-19 pandemic.[15] Crinel also requests the Court release her to home confinement so she can care for her aging mother.[16] Crinel is currently housed at Aliceville FCI with a projected release date of July 25, 2023.[17] As of the date of this order, zero inmates and one staff member at Aliceville FCI have open cases of COVID-19.

---

[8] *Id.*; R. Doc. 1316.
[9] R. Doc. 1537.
[10] R. Doc. 1580.
[11] R. Doc. 1722-1.
[12] R. Doc. 1877.
[13] R. Doc. 1891.
[14] R. Doc. 1893.
[15] R. Doc. 1909; R. Doc. 1914.
[16] R. Doc. 1909, at 4.
[17] https://www.bop.gov/inmateloc/.

## **LAW AND ANALYSIS**

**I.     Crinel's Request for a Reduction in Her Sentence Is Denied.**

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[18] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[19]

      **A.     Crinel has exhausted administrative remedies.**

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirement of § 3582(c)(1)(A) is met.[20] If a defendant submits a request for compassionate release to the warden of her facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[21] the exhaustion requirement of § 3582(c)(1)(A) is satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

Crinel alleges her attorney sent a letter on April 28, 2020, to the Warden of Aliceville FCI requesting Crinel's compassionate release and attaches a copy of that letter to the instant motion.[22] The letter requested compassionate release based on Crinel's "high risk due to her weight and high blood pressure."[23] According to the government, the

---

[18] 18 U.S.C. § 3582(c).
[19] *Id.* § 3582(c)(1)(A).
[20] *See id.*
[21] *Id.*
[22] R. Doc. 1909, at 8.
[23] *Id.*

BOP reports they have no record of Crinel filing a request for a reduction in sentence and states the Warden may have overlooked it based on the high volume of requests.[24] The Government does not dispute the exhaustion requirement is satisfied because more than 30 days have passed since Crinel sent her request to the Warden.[25] Accordingly, the Court finds Crinel has properly exhausted her administrative remedies, and the Court will proceed to evaluating Crinel's request for compassionate release on the merits.

**B.    Section 3553(a) factors weigh against reducing Crinel's sentence.**

Crinel argues she is entitled to compassionate release based on her health conditions, such as obesity, and the risks those conditions pose during the COVID-19 pandemic.[26] Crinel also points to her need to care for her aging mother.[27] Even assuming Crinel has shown her health conditions amid the current COVID-19 pandemic and her family circumstances are "extraordinary and compelling" circumstances warranting a reduction in her sentence,[28] she is still not entitled to relief under § 3582 because the § 3553(a) factors weigh heavily against her release.

Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, the policy statement regarding compassionate release requires a defendant's sentence may be reduced only if the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[29]

---

[24] R. Doc. 1915, at 7.
[25] R. Doc. 1914, at 7.
[26] R. Doc. 1909, at 2.
[27] *Id.* at 4.
[28] The Court does not decide whether Crinel has established her health conditions amid the COVID-19 pandemic or her family circumstances are "extraordinary and compelling" circumstances warranting compassionate release.
[29] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2) & cmt. n.1 (U.S. SENTENCING COMM'N 2018).

Section 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][30]

In *United States v. Reed*, another section of this court found the § 3553(a) factors weighed against reducing a white-collar defendant's sentence because "the Court recognized the severity of [the defendant's] criminal offenses at the time of his sentencing[,] . . . concluded that a significant downward variance was warranted," and noted "[the Defendant] was already sentenced to 60 months less than the low end of the guideline range suggested for a criminal defendant with similar offense levels and criminal histories and is now seeking to be released after serving only [25 percent of his sentence]."[31] As a result, the Court found "early release at this time would create sentencing disparities between Reed and other defendants with similar records convicted of similar crimes, which is what § 3553(a) attempts to prevent."[32]

Having considered all of the relevant factors under § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the § 3553(a) factors weigh

---

[30] 18 U.S.C. § 3553(a).
[31] No. CR 15-100, 2020 WL 2850145, at *4 (E.D. La. June 2, 2020) (Fallon, J.).
[32] *Id.*

5

against reducing Crinel's sentence. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct weighs heavily in the Court's decision.

As the Court stated in its order denying Crinel's motion under § 2255, Crinel's sentence was fair and reasonable.[33] As part of her plea agreement, Crinel expressly agreed, under Federal Rule of Criminal Procedure 11(c)(1)(C), to a stipulated sentence of 78 to 97 months on charges that carried a maximum statutory penalty of 15 years.[34] She also waived her trial rights after acknowledging the Court could impose on her a maximum sentence of fifteen years upon entry of her guilty plea.[35] Further, in exchange for her pleading guilty, not only did the Government enter into a rare 11(c)(1)(C) plea agreement, the Government also agreed to move to dismiss the charges pending against Crinel's daughter, Ms. Wilneisha Harrison Jakes, after Ms. Jakes' successful completion of a term of pretrial diversion and her guilty plea to a misdemeanor charge.[36] The Court also reduced Crinel's sentence by an additional six months when it granted the Government's Rule 35 motion based on Crinel's cooperation.[37]

Crinel has served only about 38 months of her below-guidelines 74-month prison sentence. As in *Reed*, a further reduction in Crinel's sentence "would create sentencing disparities between [Crinel] and other defendants with similar records convicted of similar crimes, which is what § 3553(a) attempts to prevent."[38] Moreover, a reduction in

---

[33] R. Doc. 1877.
[34] R. Doc. 1299, at 35.
[35] *Id.* at 18–19, 25.
[36] R. Doc. 366 ¶¶ 2–3; R. Doc. 1299, at 35.
[37] R. Doc. 1580.
[38] No. CR 15-100, 2020 WL 2850145, at *4 (E.D. La. June 2, 2020) (Fallon, J.).

Crinel's sentence would not reflect the seriousness of her offenses, promote respect for the law, provide just punishment for her offenses, or afford adequate deterrence to criminal conduct. Accordingly, the Court finds the § 3553(a) factors weigh heavily against reducing Crinel's sentence.

Crinel appears to seek relief alternatively under 18 U.S.C. § 3622, as she asks the Court to release her to home confinement.[39] 18 U.S.C. § 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment,"[40] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of h[er] imprisonment for a limited period," under certain circumstances.[41] As a result, BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[42] Because Crinel seeks release to home confinement, her initial remedy is by administrative action within BOP. The proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[43] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district where Crinel is incarcerated. Crinel is incarcerated in Aliceville, Alabama. Thus, any such motion must be brought in the United States District Court for the Northern District of Alabama, which encompasses Aliceville, Alabama. As a result, the Court must deny the instant motion, as this Court lacks authority under 18 U.S.C. § 3622 to order BOP to transfer Crinel to home confinement.

---

[39] R. Doc. 1909, at 5.
[40] 18 U.S.C. § 3621(b) (emphasis added).
[41] 18 U.S.C. § 3622 (emphasis added).
[42] 18 U.S.C. § 3621(B). *See also United States v. Snead*, 63 F.3d 281, 389 n. 6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration").
[43] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

## **CONCLUSION**

**IT IS ORDERED** that Lisa Crinel's motions for compassionate release are **DENIED**.[44]

New Orleans, Louisiana, this 9th day of July, 2020.

                                        **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 1909; R. Doc. 1914.